**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ Southern District of Texas _____
(State)

Case number *(if known):* _____      Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Mule Sky LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | **N/A** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **35-2656808** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **3001 Quail Springs Parkway** | |
| Number          Street | Number          Street |
| | P.O. Box |
| **Oklahoma City,**          **Oklahoma**    **73134** | |
| City          State    Zip Code | City          State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Oklahoma County** | **11 Greenway Plaza** |
| County | Number          Street |
| | **Suite 2900** |
| | **Houston,**          **Texas**    **77046** |
| | City          State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.gulfportenergy.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor     **Mule Sky LLC**       Case number *(if known)* _____
        Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2111 (Oil and Gas Extraction)**

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☒ Chapter 11. *Check all that apply:* |

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ A plan is being filed with this petition.

        ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | | | | | |
|---|---|---|---|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No | | | | |
| | ☐ Yes. | District _____ | When _____ MM/DD/YYYY | Case number _____ | |
| If more than 2 cases, attach a separate list. | | District _____ | When _____ MM/DD/YYYY | Case number _____ | |

Debtor      **Mule Sky LLC**                                          Case number *(if known)*
_____
Name

| | | | | |
|---|---|---|---|---|
| **10.** Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☐ No | | | |
| | ☒ Yes. | Debtor | **See Rider 1** | Relationship   **Affiliate** |
| | | District | **Southern District of Texas** | |
| List all cases. If more than 1, attach a separate list. | | | | When      **11/13/2020** |
| | | Case number, if known | _____ | MM / DD / YYYY |

| | |
|---|---|
| **11.** Why is the case filed in *this* district? | *Check all that apply:* |
| | ☒   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| | |
|---|---|
| **12.** Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ☒ No[1] |
| | ☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed. |
| | **Why does the property need immediate attention?** (*Check all that apply.*) |
| | ☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. |
| | What is the hazard?  _____ |
| | ☐   It needs to be physically secured or protected from the weather. |
| | ☐   It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). |
| | ☐   Other  _____ |
| | **Where is the property?** |
| | _____ |
| | Number      Street |
| | _____ |
| | City                                          State      Zip Code |
| | **Is the property insured?** |
| | ☐ No |
| | ☐ Yes.   Insurance agency  _____ |
| | Contact name  _____ |
| | Phone  _____ |

| | |
|---|---|
| **Statistical and administrative information** | |

| | |
|---|---|
| **13.** Debtor's estimation of available funds | *Check one:* |
| | ☒   Funds will be available for distribution to unsecured creditors. |
| | ☐   After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

---

[1]   The Debtors engage in the exploration, development, and production of oil and natural gas.  Certain debtors possess or operate certain real properties where remediation and monitoring of contamination is presently underway.  Although the Debtors are not aware of any definition of "imminent or identifiable hazard" as used in this form, the Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

Debtor    **Mule Sky LLC**                              Case number *(if known)*
       Name

| **14. Estimated number of creditors²** | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **11/13/2020**
               MM/ DD / YYYY

**✗**   */s/ Quentin R. Hicks*                 **Quentin R. Hicks**
      Signature of authorized representative of debtor     Printed name

Title   **Chief Financial Officer,**
       **Vice President, and Treasurer**

**18. Signature of attorney**

**✗**   */s/ Matthew D. Cavenaugh*        Date   **11/13/2020**
      Signature of attorney for debtor              MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number             Street

**Houston**                           **Texas**     **77010**
City                                 State     ZIP Code

**(713) 752-4200**               **mcavenaugh@jw.com**
Contact phone                     Email address

**24062656**                 **Texas**
Bar number                State

---

²   The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| |
|---|
| United States Bankruptcy Court for the: |
| Southern District of Texas |
| (State) |
| Case number *(if known):* _____    Chapter ___11___ |

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Gulfport Energy Corporation.

- Gulfport Energy Corporation
- Gator Marine, Inc.
- Gator Marine Ivanhoe, Inc.
- Grizzly Holdings, Inc.
- Gulfport Appalachia, LLC
- Gulfport MidCon, LLC
- Gulfport Midstream Holdings, LLC
- Jaguar Resources LLC
- Mule Sky LLC
- Puma Resources, Inc.
- Westhawk Minerals LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MULE SKY LLC, | Case No. 20-_____(___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[3]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Mule Sky LLC | Gulfport Energy Corporation | 3001 Quail Springs Parkway, Oklahoma City, Oklahoma 73134 | 100% |

---

[3]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MULE SKY LLC, | ) | Case No. 20-_____(___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**CORPORATE OWNERSHIP STATEMENT**

       Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Gulfport Energy Corporation | 100% |

Fill in this information to identify the case:

Debtor name <u>Gulfport Energy Corporation et al.</u>

United States Bankruptcy Court for the: <u>Southern District of Texas</u>

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | UMB Bank, N.A. 120 South Sixth Street, Suite 1400 Minneapolis, MN 55402 | Attn: Gavin Wilkinson Phone: (612) 337-7001 Email: gavin.wilkinson@umb.com | 6.000% Senior Notes due 2024 | | | | $ 596,955,040 |
| 2 | UMB Bank, N.A. 120 South Sixth Street, Suite 1400 Minneapolis, MN 55402 | Attn: Gavin Wilkinson Phone: (612) 337-7001 Email: gavin.wilkinson@umb.com | 6.375% Senior Notes due 2025 | | | | $ 507,870,000 |
| 3 | UMB Bank, N.A. 120 South Sixth Street, Suite 1400 Minneapolis, MN 55402 | Attn: Gavin Wilkinson Phone: (612) 337-7001 Email: gavin.wilkinson@umb.com | 6.375% Senior Notes due 2026 | | | | $ 374,617,000 |
| 4 | UMB Bank, N.A. 120 South Sixth Street, Suite 1400 Minneapolis, MN 55402 | Attn: Gavin Wilkinson Phone: (612) 337-7001 Email: gavin.wilkinson@umb.com | 6.625% Senior Notes due 2023 | | | | $ 335,334,812 |
| 5 | Universal Pressure Pumping 777 NW 63rd St Oklahoma City, OK 73116 | Attn: William A. (Andy) Hendricks, Jr. Title: President and CEO Phone: (281) 765-7100 Email: andy.hendricks@patenergy.com Fax: (281) 765-7175 | Trade Payables | | | | $ 5,166,998 |
| 6 | Ohio Gathering Company LLC 1515 Arapahoe Street, Tower 1 Ste 1600 Denver, CO 80202 | Attn: Frank Semple Title: CEO Phone: (303) 316-7777 Email: franksemple@markwest.com Fax: (303) 290-8769 | Trade Payables | | | | $ 2,266,829 |
| 7 | Markwest Utica EMG LLC 1515 Arapahoe St. Tower One, Suite 1500 Denver, CO 80202 | Attn: Frank Semple Title: CEO Phone: (303) 316-7777 Email: franksemple@markwest.com Fax: (303) 290-8769 | Trade Payables | | | | $ 2,125,580 |
| 8 | EQT Production Company, Corp. 625 Liberty Ave Ste 1700 Pittsburgh, PA 15222 | Attn: David Khani Title: CFO Phone: (412) 395-2555 Email: dkhani@eqt.com | JIB Payables | | | | $ 2,063,065 |
| 9 | B&L Pipeco Services, Inc. 20465 Texas 249 Access Rd #200 Houston, TX 77070 | Attn: Steve Tait Title: CEO Phone: (281) 955-3500 Email: stevet@blpipeco.com | Trade Payables | | | | $ 2,026,540 |
| 10 | Equitrans Water (OH), LLC 2200 Energy Drive Canonsburg, PA 15317 | Attn: Kirk Oliver Title: CFO Phone: (214) 904-9439 Email: kirk.oliver@energymp.com | Trade Payables | | | | $ 1,929,542 |
| 11 | Woodford Express, LLC 5550 N. Francis Avenue Oklahoma City, OK 73118 | Attn: Joseph L. Griffin Title: CEO Phone: (405) 437-0850 Email: joseph@explorermidstream.com | Trade Payables | Unliquidated | | | $ 1,422,294 |
| 12 | SB Directional Services LLC 5135 SW 29th St Oklahoma City, OK 73179 | Attn: Scott Burch Title: Owner Phone: (405) 926-7177 Email: scott.burch@sbdirectionalservices.com | Trade Payables | | | | $ 1,380,092 |

Debtor Gulfport Energy Corporation, et al.                                                         Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | Force Inc 1380 Rte. 286 Hwy E., Suite 303 Indiana, PA 15701 | Attn: Chris Force Title: Vice President Phone: (724) 465-9399 Email: Chris.Force@oesinc.com Fax: (724) 465-9829 | Trade Payables | | | | $   1,312,700 |
| 14 | AES Drilling Fluids LLC 11767 Katy Freeway, Suite 230 Houston, TX 77079 | Attn: Richard Baxter Title: President Phone: (281) 556-5628 Email: richard.baxter@AESFluids.com Fax: (281) 589-7150 | Trade Payables | | | | $   995,218 |
| 15 | Cyclone Drilling Fluids LLC 320 Decker Dr Ste 100 Irving, TX 75062 | Attn: Maurice Potts Title: Manager Phone: (903) 267-5768 Email: maurice@cycloneholdings.net | Trade Payables | | | | $   920,545 |
| 16 | Pioneer Drilling Services LTD 1250 N.E. Loop 410, Ste 1000 San Antonio, TX 78209 | Attn: Matt Porter Title: Inerim CEO Phone: (210) 828-7689 Email: MPorter@pioneeres.com | Trade Payables | | | | $   803,522 |
| 17 | Deep Well Services 719 West New Castle Street Zelienople, PA 16063 | Attn: Mark Marmo Title: CEO Phone: (724) 473-0687 Email: mmarmo@deepwellservices.com Fax: (724) 473-0689 | Trade Payables | | | | $   787,117 |
| 18 | RWLS LLC dba Renegade Services 1937 West Ave Levelland, TX 79336 | Attn: Chad Lassoued Title: CEO Phone: (806) 897-0736 Email: classoued@renegadewls.com Fax: (806) 568-0047 | Trade Payables | | | | $   737,900 |
| 19 | Mountaineer Specialty, LLC 4171 Shinnston Pike Clarksburg, WV 26301 | Attn: James Davisson Title: Manager Phone: (304) 969-9180 | Trade Payables | | | | $   679,016 |
| 20 | Helmerich & Payne Int Drillng, Corp. 1437 S Boulder Ave Tulsa, OK 74119 | Attn: John W. Lindsey Title: CEO Phone: (918) 742-5531 Email: john.lindsay@hpinc.com | Trade Payables | | | | $   647,685 |
| 21 | Nextier Completion Solutions 3990 Rogerdale Rd Houston, TX 77042 | Attn: Robert Drummond Title: CEO Phone: (713) 325-6000 Email: robert.drummond@nextierofs.com | Trade Payables | | | | $   543,282 |
| 22 | Gas Field Services LLC 17908 Hwy 19 Rosedale, VA 24280 | Attn: Tom Shrader Title: CEO Phone: (276) 880-2323 Email: tom@gasfieldsvc.com Fax: (276) 880-3200 | Trade Payables | | | | $   532,199 |
| 23 | Stallion Oilfield Construction, Corp. 950 Corbindale Rd Ste 400 Houston, TX 77024 | Attn: David C. Mannon Title: CEO Phone: (713) 528-5544 Email: dmannon@stallionoilfield.com Fax: (713) 528-1276 | Trade Payables | | | | $   423,521 |
| 24 | Baker Hughes Oilfield Operations LLC 17021 Aldine Westfield Road Houston, TX 77073 | Attn: Lorenzo Simonelli Title: CEO Phone: (713) 439-8600 Email: lorenzo.simonelli@bakerhughes.com | Trade Payables | | | | $   385,744 |
| 25 | UnitedLex 6130 Sprint Parkway Suite 300 Overland Park, KS 66211 | Attn: Daniel Reed Title: CEO Phone: (913) 685-8900 Email: daniel.reed@unitedlex.com | Trade Payables | | | | $   379,747 |
| 26 | ROC Service Company, LLC 125 Technology Drive, Suite 200 Cannonsburg, PA 15330 | Attn: Chase Johnson Title: CEO Phone: (724) 745-3319 Email: cjohnson@rocserviceco.com | Trade Payables | | | | $   328,001 |

Debtor Gulfport Energy Corporation, et al.

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts,  bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | LEAM Drilling Services, LLC 3114 W. Old Spanish Trail New Iberia, LA 70560 | Attn: Glenn Dubois Title: CEO Phone: (405) 440-9436 Email: gdubois@leam.net | Trade Payables | | | | $      323,330 |
| 28 | Armada E&P OH, LLC DBA Mud Masters 64054 Wintergreen Road Lore City, OH 43755 | Attn: Robert Smith Title: President Phone: (740) 955-0284 Email: robert.smith@armadawaste.com | Trade Payables | | | | $      296,813 |
| 29 | Nine Downhole Technologies LLC 2001 Kirby Drive Suite 200 Houston, TX 77019 | Attn: Ann G. Fox Title: CEO Phone: (281) 730-5100 Email: ann.fox@nineenergyservice.com Fax: (281) 605-1318 | Trade Payables | | | | $      286,020 |
| 30 | Traco Production Services, Inc 425 Griffin Rd Youngsville, LA 70592 | Attn: John Nunnally Title: CEO Phone: (337) 857-6000 Email: john.nunnally@qualityco.com Fax: (337) 857-6001 | Trade Payables | | | | $      283,789 |

Note: Amounts may contain projected estimates of pre-petition liability as of the Petition Date and are subject to change.

## WRITTEN CONSENT OF THE GOVERNING BODIES
## OF THE ENTITIES SET FORTH ON SCHEDULE 1

### NOVEMBER 13, 2020

The undersigned, being all of the directors or managers, as applicable (each, a "Governing Body"), of each entity set forth on Schedule 1 attached hereto (each, a "Company," and, collectively, the "Companies"), in such capacity, do hereby approve, consent to, adopt, and ratify the following actions and resolutions by written consent pursuant to such Company's limited liability company agreement, bylaws, or other governing agreement, as applicable, and the Delaware Limited Liability Company Act, as amended, and the Delaware General Corporation Law, as amended (as applicable).

**WHEREAS**, the Unites States Commodity Exchange Act as amended (the "CEA") and the regulations thereunder provide that certain swaps (as defined in Section 1(a)(47) of the CEA) must be submitted for clearing to a derivatives clearing organization that is registered or exempt from registration under the CEA and executed on a board of trade designated as a contract market under the CEA (a "DCM") or a swap execution facility registered or exempt from registration under the CEA (a "SEF").

**WHEREAS**, the CEA provides and regulations under the CEA detail the requirements for compliance with an exemption from the CEA clearing requirements referred to as the "end-user exception" for any entity that is not a financial entity, will elect the end-user exception only in respect of swaps that hedge or mitigate commercial risk and notifies the United States Commodity Futures Trading Commission (the "CFTC") in a manner set forth by the CFTC how it generally meets its financial obligations associated with entering into non-cleared swaps.

**WHEREAS**, Gulfport Energy Corporation (the "Corporation") is not a financial entity and will notify (either directly or via a trading counterparty in accordance with the CFTC rules and regulations) the CFTC in a manner set forth by the CFTC that it will elect the end-user exception only in respect of swaps that hedge or mitigate commercial risk and of how it generally meets its financial obligations associated with entering into non-cleared swaps.

**WHEREAS**, the CEA provides that the end-user exception shall be available to a counterparty that is, or is controlled by, an issuer of securities that are registered under Section 12 of the Securities Exchange Act of 1934 only if an appropriate committee of the issuer's board of directors or governing body has reviewed and approved its decision to enter into swaps that are subject to the end-user exception.

**WHEREAS**, Gulfport Energy Corporation is, or is controlled by, an issuer of securities that are registered under Section 12 of the Securities Exchange Act of 1934.

**WHEREAS**, the Governing Body of each Company has considered certain materials presented by, or on behalf of, such Company's management (such Company's "Management") and financial and legal advisors (collectively, such Company's "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of such Company, the

strategic alternatives available to such Company, and the impact of the foregoing on such Company's business and the business of such Company's affiliates.

**WHEREAS**, the Governing Body of each Company has reviewed and considered presentations by Management and the Advisors of such Company regarding that certain restructuring support agreement, dated as of November 12, 2020 (the "<u>Restructuring Support Agreement</u>") and the advantages and disadvantages to such Company of the transactions contemplated thereunder.

**WHEREAS**, the Governing Body of each Company has reviewed and considered presentations by Management and the Advisors of such Company regarding the advantages and disadvantages of the chapter 11 plan of reorganization (as may be amended, modified, or supplemented from time to time, the "<u>Plan</u>") contemplated in the Restructuring Support Agreement.

**WHEREAS**, the bylaws and limited liability company agreements of each Governing Body, as applicable, set forth that each such Governing Body may appoint such officers as it shall deem necessary or advisable and shall exercise such powers and perform such duties as shall be determined by such Governing Body.

**WHEREAS**, the Governing Body of each Company deems it to be in the best interests of such Company to appoint a Chief Restructuring Officer to assist each such Company with its restructuring efforts.

**WHEREAS**, the Restructuring Committee of the Governing Body of each Company has reviewed and been advised by counsel regarding the Restructuring Support Agreement and recommended that the Governing Body of each Company ratify each Company's entry into the Restructuring Support Agreement.

**WHEREAS**, the Governing Body of each Company has had adequate opportunity to consult with Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to such Company.

**WHEREAS**, the Governing Body of each Company has determined, in the judgment of such Governing Body, that the following resolutions, as applicable, are advisable and in the best interests of such Company, its interest holders, its creditors, and other parties in interest.

**Voluntary Petition for Relief under**
**Applicable Bankruptcy Law and Seeking Necessary Relief**

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Governing Body of each Company, it is desirable and in the best interest of such Company, its interest holders, its creditors, and other parties in interest, that such Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, a voluntary petition for relief (the "<u>Bankruptcy Petition</u>") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") for such Company and, in accordance with the

requirements of such Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions.

**RESOLVED**, that any partner, director (or manager, as applicable), or duly appointed officer of a Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute (on behalf of the Company or under the common seal of such Company, if appropriate) and file on behalf of such Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of such Company or any of its subsidiaries.

## Retention of Professionals

**RESOLVED,** that each of the Authorized Persons of each Company, each acting individually and with full power of substitution, be, and hereby is, authorized, empowered, and directed to employ the following professionals on behalf of such Company:  (i) the law firm of Kirkland & Ellis LLP, as general bankruptcy counsel; (ii) the law firm of Jackson Walker LLP, as local bankruptcy counsel; (iii) the firm of Alvarez & Marsal North America, LLC ("A&M"), as restructuring advisor; (iv) the firm of Perella Weinberg Partners L.P., as financial advisor; (v) the firm of Tudor, Pickering, Holt & Co., as financial advisor; (vi) the firm of PricewaterhouseCoopers LLP, as tax services provider; (vii) Epiq Corporate Restructuring, LLC, as claims, noticing, solicitation, and administrative agent; (viii) the law firm of Wachtell, Lipton, Rosen & Katz, as counsel, and Chilmark Partners as financial advisor, for the Special Committee of the Board of Directors of Gulfport Energy Corporation; (ix) Katten Muchin Rosenman LLP, as counsel, and M-III Partners, LP, as financial advisor, for the Special Committee of the Governing Body of each Company other than Gulfport Energy Corporation; and (x) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of such Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute (under the company or common seal of such Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such professionals.

## Appointment of Chief Restructuring Officer

**RESOLVED**, that Mark Rajcevich, be, and hereby is, appointed to serve as the Chief Restructuring Officer of each Company.  The Chief Restructuring Officer shall report to the Chief Executive Officer, and shall serve for such a term, and shall exercise such powers and perform such duties as shall be determined by, the Chief Executive Officer of each Governing Body.

**Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection**

**RESOLVED**, that each Company will obtain benefits, which are necessary and convenient to the conduct, promotion, and attainment of the business of such Company, from (a) the use of collateral, including cash collateral, as that term is defined in  section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders, including the lenders party to that certain Amended and Restated Credit Agreement, dated as of December 27, 2013, by and among Gulfport Energy Corporation ("Gulfport"), as borrower, the Bank of Nova Scotia, as administrative agent and issuing bank, the Bank of Nova Scotia, KeyBank National Association, and PNC Bank, National Association, as joint lead arrangers and joint bookrunners, KeyBank National Association and PNC Bank, National Association, as co-syndication agents, Credit Suisse AG, Cayman Islands Branch, Wells Fargo Bank, N.A., and Barclays Bank PLC, as co-documentation agents, and each of the lenders party thereto, as amended by that certain First Amendment, dated as of April 23, 2014, that certain Second Amendment, dated as of November 26, 2014, that certain Third Amendment, dated as of April 10, 2015, that certain Fourth Amendment and Limited Consent and Waiver dated as of May 29, 2015, that certain Fifth Amendment dated as of September 18, 2015, that certain Sixth Amendment dated as of February 19, 2016, that certain Seventh Amendment dated as of December 13, 2016, that certain Eighth Amendment dated as of March 29, 2017, that certain Ninth Amendment dated as of May 4, 2017, that certain Tenth Amendment dated as of October 4, 2017, that certain Eleventh Amendment dated as of November 21, 2017, that certain Twelfth Amendment dated as of May 21, 2018, that certain Thirteenth Amendment dated as of November 28, 2018, that certain Fourteenth Amendment dated as of June 3, 2019, that certain Fifteenth Amendment, dated as of May 1, 2020, and that certain Sixteenth Amendment, dated as of July 27, 2020, and as further amended, amended and restated, supplemented, or otherwise modified from time to time, (b) the incurrence of debtor-in-possession financing obligations by entering into that certain Senior Secured Super-Priority Debtor-In-Possession Credit Agreement (the "DIP Credit Agreement"), to be dated on or about November 12, 2020 (the "DIP Financing"), and (c) continuing to perform under certain prepetition Lender Swap Contracts (as defined in the DIP Credit Agreement) and securing such Lender Swap Contracts and any Lender Swap Contracts entered into postpetition on a *pari passu* basis with the obligations under the DIP Credit Agreement.

**RESOLVED**, that in order to use and obtain the benefits of the DIP Financing and Cash Collateral, in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the secured parties (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "DIP Order") and submitted for approval to the Bankruptcy Court.

**RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreement be, and hereby are, in all respects approved, and each Company is authorized to enter into the DIP Credit Agreement subject to approval by the Bankruptcy Court.

**RESOLVED**, that the form, terms, and provisions of the DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of such Company, to take such actions and negotiate or cause to be prepared and negotiated and to

execute, deliver, perform, and cause the performance of, the DIP Order and the DIP Credit Agreement, and such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Order and the DIP Credit Agreement, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations.

RESOLVED, that the Authorized Persons of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and effectuate the DIP Transactions, including delivery of:  (a) the DIP Documents and such agreements, certificates, instruments, fee letters, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; and (b) such other agreements, instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agent under the DIP Financing (the "DIP Agent") (clauses (a) and (b) of this paragraph, collectively, the "DIP Financing Documents").

RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of such Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company and such other filings in respect of intellectual and other property of such Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order.

RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper,

or advisable to perform such Company's obligations under or in connection with the DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

### The Restructuring Support Agreement and the Chapter 11 Plan

**RESOLVED**, that the Governing Body of each Company has determined in its business judgment that it is desirable and in the best interests of such Company, its creditors, and other stakeholders to enter into the Restructuring Support Agreement and that such Company's performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized and approved.

**RESOLVED**, that each of the Authorized Officers of the Companies be, and each is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Bankruptcy Petition, and that each such Company's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved.

**RESOLVED**, that each of the Authorized Officers of the Companies has determined in its business judgment that it is desirable and in the best interests of each of such Company, its creditors, and other stakeholders that the Authorized Officers file or cause to be filed the Plan and all other papers or documents (including any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan.

**RESOLVED**, that the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, be and they hereby are, authorized, empowered, and directed, together with the Advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan.

**RESOLVED**, that the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

### Hedging Transactions

**RESOLVED**, that the board of directors of the Corporation hereby approves in all respects the decision that the Corporation may enter into swaps (a) that are exempt from the requirements of sections 2(h)(1) and 2(h)(8) of the CEA, and, as such, are neither cleared nor executed on a DCM or SEF, in reliance on the end-user exception, and/or (b) that are contemplated by and/or permitted by the DIP Documents.

**RESOLVED**, it shall be the policy of the Corporation that swaps and other derivative instruments may be used by the Corporation for hedging and commercial risk mitigation purposes,

not for solely speculative purposes and otherwise in accordance with hedging and treasury risk management policies and standards adopted by the Corporation, and in electing whether or not to use the end-user exception the Corporation's management shall consider the relative costs, hedge effectiveness and counterparty credit risk respecting cleared and non-cleared swaps.

**RESOLVED,** that each of the Authorized Officers are and each of them hereby is authorized and directed to cause the Corporation to report to the CFTC (either directly or via a trading counterparty in accordance with the CFTC rules and regulations) as required by regulations under the CEA the decision that the Corporation may enter into swaps that are neither cleared nor executed on a DCM or SEF in reliance on the end-user exception as made pursuant to these resolutions together with such additional information as is required by such regulations and to take all such further actions as they may deem necessary or advisable in order to carry out the intent of these resolutions.

**RESOLVED**, that certain of the Authorized Persons authorized by any applicable hedging or treasury risk management policy documentation adopted by the Corporation are and each of them hereby is authorized and directed to cause the Corporation to apply the end-user exception to specific swaps in a manner consistent with the Corporation's policies governing the Corporation's use of swaps.

**RESOLVED**, that the Authorized Persons are and each of them hereby is authorized to approve any and all other documents or instruments and to do or cause to be done all other acts or things as the Authorized Persons may deem necessary or desirable in connection with reliance on the end-user exception.

### Further Actions and Prior Actions

**RESOLVED**, that each of the Authorized Persons of a Company, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute (under the company or common seal of such Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the company or common seal of such Company, if appropriate) such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions.

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons of a Company, either individually or as otherwise required by such Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the applicable Company itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution (under the company or common seal of such Company, if appropriate), acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of such Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to

7

fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

      **RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waives any right to have received such notice.

      **RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of any Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of such Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Governing Body of such Company.

      The actions taken by this written consent shall have the same force and effect as if taken at a meeting of each Governing Body, pursuant to the governing documents of each Company and the laws of the State of Delaware.

*[Signature pages follow]*

\* \* \* \*

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first above written.

**GULFPORT ENERGY CORPORATION:**


*/s/ Deborah G. Adams*
Deborah G. Adams


*/s/ Alvin Bledsoe*
Alvin Bledsoe


*/s/ Samantha Holroyd*
Samantha Holroyd


*/s/ Valerie Jochen*
Valerie Jochen


*/s/ C. Doug Johnson*
C. Doug Johnson


*/s/ Ben T. Morris*
Ben T. Morris


*/s/ John W. Somerhalder II*
John W. Somerhalder II


*/s/ David M. Wood*
David M. Wood


* * * *

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**GATOR MARINE, INC.:**

By: */s/ Andrew C. Kidd*
Name: Andrew C. Kidd
Title: Director

By: */s/ Stefan M. Selig*
Name: Stefan M. Selig
Title: Director

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**GATOR MARINE IVANHOE, INC:**

By: */s/ Andrew C. Kidd*
Name: Andrew C. Kidd
Title: Director

By: */s/ Stefan M. Selig*
Name: Stefan M. Selig
Title: Director

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**GRIZZLY HOLDINGS, INC.:**


By: */s/ Andrew C. Kidd*
Name: Andrew C. Kidd
Title: Director


By: */s/ Stefan M. Selig*
Name: Stefan M. Selig
Title: Director

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**PUMA RESOURCES, INC.**

By: */s/ Andrew C. Kidd*
Name: Andrew C. Kidd
Title: Director


By: */s/ Stefan M. Selig*
Name: Stefan M. Selig
Title: Director

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**GULFPORT APPALACHIA, LLC**

By: */s/ Andrew C. Kidd*
Name: Andrew C. Kidd
Title: Manager


By: */s/ Stefan M. Selig*
Name: Stefan M. Selig
Title: Manager

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**GULFPORT MIDCON, LLC**

By: */s/ Andrew C. Kidd*
Name: Andrew C. Kidd
Title: Manager


By: */s/ Stefan M. Selig*
Name: Stefan M. Selig
Title: Manager

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**GULFPORT MIDSTREAM HOLDINGS, LLC**

By: */s/ Andrew C. Kidd*
Name: Andrew C. Kidd
Title: Manager

By: */s/ Stefan M. Selig*
Name: Stefan M. Selig
Title: Manager

[SIGNATURE PAGE TO BOARD RESOLUTIONS OF THE ENTITIES SET FORTH ON SCHEDULE 1]

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**MULE SKY LLC**

By: */s/ Andrew C. Kidd*
Name: Andrew C. Kidd
Title: Manager


By: */s/ Stefan M. Selig*
Name: Stefan M. Selig
Title: Manager

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**JAGUAR RESOURCES LLC**

By: */s/ Andrew C. Kidd*
Name: Andrew C. Kidd
Title: Manager


By: */s/ Stefan M. Selig*
Name: Stefan M. Selig
Title: Manager

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**WESTHAWK MINERALS LLC**

By: *_/s/ Andrew C. Kidd_*
Name: Andrew C. Kidd
Title: Manager


By: *_/s/ Stefan M. Selig_*
Name: Stefan M. Selig
Title: Manager

**Schedule 1**

| No. | Name of the Company | Jurisdiction |
|---|---|---|
| 1. | Gulfport Energy Corporation | Delaware |
| 2. | Gator Marine, Inc. | Delaware |
| 3. | Gator Marine Ivanhoe, Inc. | Delaware |
| 4. | Grizzly Holdings, Inc. | Delaware |
| 5. | Puma Resources, Inc. | Delaware |
| 6. | Gulfport Appalachia, LLC | Delaware |
| 7. | Gulfport MidCon, LLC | Delaware |
| 8. | Gulfport Midstream Holdings, LLC | Delaware |
| 9. | Mule Sky LLC | Delaware |
| 10. | Jaguar Resources LLC | Delaware |
| 11. | Westhawk Minerals LLC | Delaware |

Fill in this information to identify the case and this filing:

Debtor Name       Mule Sky LLC

United States Bankruptcy Court for the:      Southern District of Texas

                                                               (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **11/13/2020** | ☒ /s/ *Quentin R. Hicks* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Quentin R. Hicks** |
| | Printed name |
| | **Chief Financial Officer, Vice President, and Treasurer** |
| | Position or relationship to debtor |

**Official Form 202**            **Declaration Under Penalty of Perjury for Non-Individual Debtors**