

ENTERED
11/14/2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GULFPORT ENERGY CORPORATION, | Case No. 20-35562 (DRJ) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 73-1521290 | |
| In re: | Chapter 11 |
| GATOR MARINE, INC., | Case No. 20-35566 (DRJ) |
| Debtor. | |
| Tax I.D. No. 61-1601710 | |
| In re: | Chapter 11 |
| GATOR MARINE IVANHOE, INC., | Case No. 20-35563 (DRJ) |
| Debtor. | |
| Tax I.D. No. 30-0644897 | |
| In re: | Chapter 11 |
| GRIZZLY HOLDINGS, INC., | Case No. 20-35567 (DRJ) |
| Debtor. | |
| Tax I.D. No. 20-5449108 | |
| In re: | Chapter 11 |
| GULFPORT APPALACHIA, LLC, | Case No. 20-35570 (DRJ) |
| Debtor. | |
| Tax I.D. No. N/A | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GULFPORT MIDCON, LLC, | ) | Case No. 20-35564 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GULFPORT MIDSTREAM HOLDINGS, LLC, | ) | Case No. 20-35565 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JAGUAR RESOURCES LLC, | ) | Case No. 20-35568 (DRJ) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MULE SKY LLC, | ) | Case No. 20-35561 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 35-2656808 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PUMA RESOURCES, INC. | ) | Case No. 20-35569 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 30-0556507 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WESTHAWK MINERALS LLC, | ) ) ) | Case No. 20-35571 (MI) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. N/A | ) |  |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**    (Docket No. 2)

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"): (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 20-35562 (DRJ). Additionally, the following checked items are ordered:

   a. ☒ One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

   b. ☒ Parties may request joint hearings on matters pending in any of the jointly-administered cases.

   c. ☒ Other: See below.

2. The caption of the jointly-administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GULFPORT ENERGY CORPORATION, *et al.*,[1] | ) ) | Case No. 20-35562 (DRJ) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Gulfport Energy Corporation (1290); Gator Marine, Inc. (1710); Gator Marine Ivanhoe, Inc. (4897); Grizzly Holdings, Inc. (9108); Gulfport Appalachia, LLC (N/A); Gulfport MidCon, LLC (N/A); Gulfport Midstream Holdings, LLC (N/A); Jaguar Resources LLC (N/A); Mule Sky LLC (6808); Puma Resources, Inc. (6507); and Westhawk Minerals LLC (N/A). The location of the Debtors' service address is: 3001 Quail Springs Parkway, Oklahoma City, Oklahoma 73134.

3. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors, other than Gulfport Energy Corporation, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: Gulfport Energy Corporation, Case No. 20-35562; Gator Marine, Inc., Case No. 20-35566; Gator Marine Ivanhoe, Inc., Case No. 20-35563; Grizzly Holdings, Inc., Case No. 20-35567; Gulfport Appalachia, LLC, Case No. 20-35570 Gulfport MidCon, LLC, Case No. 20-35564; Gulfport Midstream Holdings, LLC, Case No. 20-35565; Jaguar Resources LLC, Case No. 20-35568; Mule Sky LLC, Case No. 20-35561; Puma Resources, Inc., Case No. 20-35569; and Westhawk Minerals LLC, Case No. 20-35571. The docket in Case No. 20-35562 should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-35562.**

5. The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

6. Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases or creating any other implications regarding the separateness (or lack of separateness) of the Debtors' estates for any purpose, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

8. The Debtors shall be permitted to file their monthly operating reports and post-confirmation date quarterly operating reports required by the U.S. Trustee's *Region 7*

*Guidelines for Debtors-in-Possession* on a consolidated basis; *provided* that disbursements will be listed on a Debtor-by-Debtor basis.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the applicable requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  November 14, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**