IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| MULE SKY LLC, et al. | Case No, 20-35561 (CML) |
| Reorganized Debtors | (Jointly Administered) <br> (Formerly Jointly Administered under Lead Case Gulfport Energy Corp., 20-35562) |

**PLAINTIFF JENNIFER KIRCHNER'S SUPPLEMENTAL RESPONSE TO REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ENFORCING THE CONFIRMATION ORDER, (II) ENFORCING THE BAR DATE ORDER, AND (III) GRANTING RELATED RELIEF [DKT. NO. 707]**

In accordance with the discussion on the record at a hearing before the Court on January 17, 2024 (the "Hearing") [ECF 1048, 1049], Plaintiff Jennifer Kirchner ("Kirchner") files this supplemental response to the Reorganized Debtors' Motion for Entry of an Order (i) Enforcing the Confirmation Order, (ii) Enforcing the Bar Date Order, and (iii) Granting Related Relief (the "Motion to Enforce") [ECF 707]. Kirchner adopts and incorporates the contents of her (i) previously filed response (the "Response") [ECF 716] to the Motion to Enforce and (ii) status report (the "Status Report") [ECF 893] concerning the issues raised in the Motion to Enforce, and further states as follows:

**I. SUPPLEMENTAL RESPONSE**

**A.     Kirchner Owns a "Royalty and Working Interest" Under the Plan**

1.     Kirchner is the holder of a "Royalty and Working Interest" (the "Royalty Interest") as that term is defined in the Plan, which provides that:

> "*Royalty and Working Interests*" means the working interests granting the Holder thereof the right to exploit oil and gas and associated hydrocarbons, and the royalties and mineral interests in the production of hydrocarbons; but, in each case, only to the extent that the applicable interest is considered an interest in real property under applicable law.

Plan, Case No. 20-35562 ECF 1171, at p. 18.

2. Per the Court's request at the Hearing, the following attached documents demonstrate that Kirchner is the legal owner of a "Royalty and Working Interest" under the Plan and that Debtors recognize her as such:

- an Order from the Oklahoma District Court of Grady County quieting title in Ms. Kirchner to the mineral interests described in ¶2 of her Class Action Complaint (the "Complaint");[1]
- an e-mail thread between a representative of Debtors (Gulfport Energy) and Ms. Kirchner's attorney, confirming receipt of the quiet-title order and confirming that such order was sufficient for Gulfport to recognize Ms. Kirchner as the owner of this mineral interest;[2]
- copies of the underlying leases, deeds, and assignments regarding the relevant interests;[3]
- a copy of the "Division Order" Gulfport sent to Ms. Kirchner to confirm her ownership status, which defines Ms. Kirchner's ownership interest as a "Royalty Interest";[4] and
- a copy of the first "Revenue Statement" Ms. Kirchner received from Gulfport dated August 31, 2022, in which Gulfport details the first batch of royalty payments made to Ms. Kirchner—payments which do <u>not</u> include the interest owed.[5]

These documents confirm that Ms. Kirchner not only owns a "Royalty and Working Interest," but also that Gulfport recognizes, categorizes, and treats her as a "Royalty and Working Interest" owner.

3. Moreover, the timing of these documents—all of which (with the exception of the underlying leases) were created and delivered *after* the Effective Date—explain why Ms. Kirchner filed the Kirchner Litigation when she did (February of 2023). Until Ms. Kirchner

---

[1] The Complaint is attached as Exhibit 1.  The quiet-title order is attached as Exhibit 2.

[2] Exhibit 3.

[3] Exhibit 4.

[4] Exhibit 5.

[5] Exhibit 6.

delivered the quiet-title order to Gulfport, Gulfport would not provide her with the detailed royalty-payment information (let alone the royalty payments themselves) that were associated with her Royalty Interest and that are set forth in Exhibit 6. Thus, there was no way for Ms. Kirchner to know whether she had a claim for unpaid interest until she received her first payment on August 31, 2022—well after the Effective Date. That payment did not include the interest owed pursuant to Oklahoma law, which Ms. Kirchner has alleged is consistent with Gulfport's company-wide policy of <u>not</u> paying interest on late-paid royalty. As such, Ms. Kirchner promptly brought a claim on behalf of herself and other royalty owners that have been similarly harmed by Gulfport's unlawful payment practices.

**B.     Kirchner's Royalty Interest was Assumed Under the Plan**

4.      The Plan provides that all "Royalty and Working Interests," including Kirchner's Royalty Interest, are deemed to be executory contracts and that such executory contracts were assumed by the Reorganized Debtors.  Plan, Case No. 20-35562 ECF 1171, at p. 44, Art. V.J. The operative Plan language is as follows:

> Notwithstanding anything in the Plan to the contrary, all of the Royalty and Working Interests and any agreements, documents, or instruments relating thereto, are treated as and deemed to be Executory Contracts under the Plan. On the Effective Date, pursuant to section 365(a) of the Bankruptcy Code, the Debtors shall be deemed to have assumed all agreements, documents, and instruments related thereto, and all Royalty and Working Interests and obligations thereunder shall remain in full force and effect in accordance with the terms of the granting instruments or other governing documents applicable to such Royalty and Working Interests. Entry of the Confirmation Order will constitute the Bankruptcy Court's approval of the Reorganized Debtors' assumption of all such Royalty and Working Interests and related agreements, documents, and instruments. Notwithstanding anything to the contrary contained in the Plan, Confirmation of the Plan shall not discharge, impair, or otherwise modify any obligations assumed by the foregoing assumption of the Royalty and Working Interest obligations, and each such obligation will be deemed and treated as an Executory Contract that has been assumed by the Reorganized Debtors under the Plan as to which no Proof of Claim or Cure Claim need be Filed, and to the extent there are cure amounts owed either prepetition and/or post-petition such amounts shall survive and will not be discharged on the Effective Date. For the avoidance

of doubt, the provisions of Article VIII.A–E of the Plan shall not discharge, modify, affect, or impair any Royalty and Working Interests assumed pursuant to this Article V.J.

*Id.* By assuming all Royalty and Working Interests as executory contracts under the Plan, the Reorganized Debtors became obligated to pay all cure amounts owed on account of such Royalty and Working Interests. 11 U.S.C. §§ 365(a), (b).

5. Citing the same Plan language, the Reorganized Debtors themselves have recognized that "the Debtors assumed all Royalty and Working Interest obligations as part of their Plan," that all "[r]oyalty obligations are unimpaired" under the Plan, and that, after the Effective Date of the Plan, "the Reorganized Debtors will continue to pay royalties in the ordinary course." ECF 415 at ¶ 12.

**C.  Unpaid Royalties and Interest on Late Paid Royalties are Cure Amounts Owed Under the Plan**

6. Judge Jones previously held in this case that prepetition claims for unpaid or underpaid royalties are cure claims that must be paid under the Plan, an unsurprising and uncontroversial ruling in light of the unambiguous Plan language set forth above. ECF 711. As set forth more fully in Kirchner's original Response [ECF 716], in addition to unpaid royalties, Oklahoma royalty owners have "an absolute right" to statutory interest on late paid royalties. *See, e.g., Pummill v. Hancock Exploration LLC*, No. CV2011-82, 2012 WL 13098574, at *2 (Okla. Dist. Jul. 16, 2012), *aff'd*, 341 P.3d 69 (Okla. 2014). Under Oklahoma law, statutory interest on late paid royalties "actually becomes part of the proceeds due" under the royalty contract, *Cockerell Oil Prop., Ltd v. Unit Pet. Co.*, No. CIV-16-135-KEW, 2020 WL 2110904, at *2 (E.D. Okla. May 4, 2020), and claims for interest on late paid royalties are therefore "an

integral part of a contractual [royalty] claim." *Krug v. Helmerich & Payne, Inc.*, 362 P.3d 205, 213 (Okla. 2015).[6]

7.  Thus, by assuming all Royalty and Working Interests, including Kirchner's Royalty Interest, as executory contracts under the Plan, the Reorganized Debtors obligated themselves to pay all contractual cure amounts due on account of such executory contracts, which includes all unpaid royalties and interest on any late paid royalties as required by Oklahoma law.

**D.  Kirchner was not Required to Assert a Cure Claim in this Court**

8.  With respect to cure claims arising from the assumption of Royalty and Working Interest, the Plan in this case deviates from the standard notice and cure procedures referenced by the Court at the Hearing. Rather than providing holders of Royalty and Working Interests with notice of a proposed cure amount, requiring such holders to object, and establishing procedures for resolving disputed cure claims in this Court,[7] the Plan expressly exempts holders of Royalty and Working Interests from the notice and cure procedures applicable to all other executory contracts. Plan, Case No. 20-35562 ECF 1171, at pp. 42-44, Arts. V.C, V.J.

9.  In contrast to the procedures applicable to other executory contracts, the Plan provides that, to preserve cure claims on account of assumed Royalty and Working Interests, "no

---

[6] And as further discussed in Kirchner's Response, interest on unpaid cure claims is an actual pecuniary loss that must be paid as a condition to assumption under section 365(b)(1)(B). Response, ECF 716, at pp. 7-8.

[7] Indeed, these procedures were required of counterparties to non-Royalty and Working Interest executory contracts. Plan, Case No. 20-35562 ECF 1171, at pp. 42-43, Art. V.C. Consistent with these procedures, the Debtors filed three cure notices as part of their plan supplement. Case No. 20-35562 ECF 958, 1198, and 1245. None of these notices included cure amounts due on account of Kirchner's Royalty Interest. As discussed *infra*, however, the Plan exempted Kirchner and other Royalty and Working Interest owners from the requirement of objecting to the proposed cure amounts, instead providing that all cure amounts would ride through the bankruptcy with no action required by Royalty and Working Interest owners.

Proof of Claim or Cure Claim need be Filed, and to the extent there are cure amounts owed either prepetition and/or post-petition such amounts shall survive and will not be discharged on the Effective Date." *Id*. As a result, Kirchner's contractual cure claim for unpaid interest, and the contractual cure claims of other Royalty and Working Interest owners, carried through the bankruptcy and were not discharged under the Plan, *regardless of whether Kirchner or any other class member filed a proof of claim or otherwise asserted a cure claim during the case.* *Id*.

E. **Kirchner Asserted both Pre- and Post-Effective Date Claims Against the Reorganized Debtor in the District Court**

10. On February 23, 2023—after the Effective Date—Kirchner filed the Complaint in the United States District Court for the Western District of Oklahoma (the "District Court") asserting both pre-Effective Date claims for unpaid interest (*i.e.*, claims for contractual cure amounts assumed under the Plan) and post-Effective Date claims. The Reorganized Debtors do not contend that the post-Effective Date claims were affected or impaired by the Plan. ECF 707 at p. 2. n.2.

11. In the Complaint, Kirchner asserted claims on behalf herself and a putative class of Royalty and Working Interest owners consisting of "[a]ll non-excluded persons or entities to whom: (1) Defendant (or Defendant's designee) made a Late Payment of oil and/or gas proceeds from an Oklahoma well, and (2) who have not been paid statutory interest on the Late Payment per the Production Revenue Standards Act" for a time spanning both pre- and post-petition, and pre-and post-effective date, periods. *See* Complaint, ECF 1046-1 at ¶ 21. The putative class thus includes parties holding both pre-Effective Date claims and post-Effective Date claims. By definition, however, as to pre-Effective Date claims the putative class only includes class members who hold pre-Effective Date cure claims that "have not been paid"—i.e., cure amounts that were assumed and must be paid by the Reorganized Debtors under the Plan. Because pre-

Effective Date cure claims were expressly excluded from discharge under the Plan, the Complaint does not assert any claims on behalf of class members whose claims have been discharged.

12. By asserting the pre-Effective Date claims in the Complaint, Kirchner is seeking to enforce her rights and the rights of similarly situated Royalty and Working Interest Owners under the Plan. While this Court unquestionably has jurisdiction to interpret and enforce the Plan and Confirmation Order, its jurisdiction to do so is not exclusive; it is concurrent with the jurisdiction of the District Court. 28 U.S.C. § 1334(b); *see In re Old Carco LLC*, 636 B.R. 347, 355-56 (Bankr. S.D.N.Y. 2022) (noting that bankruptcy courts and district courts have concurrent jurisdiction to interpret and enforce bankruptcy plans and orders); *In re Solutia, Inc.*, 653 B.R. 99, 119 (Bankr. S.D.N.Y. 2023) ("[I]t is inaccurate as a matter of law that only a bankruptcy court can interpret a confirmed plan even if the plan or confirmation order purported to assign exclusive jurisdiction to the bankruptcy court."). Thus, Kirchner's assertion of the pre-Effective Date cure claims in the District Court—claims which were not discharged under the Plan and which, pursuant to the terms of the Plan, rode through the bankruptcy with no action required by Royalty and Working Interest owners—is jurisdictionally sound.[8] The District Court permissively abstained to permit this Court to exercise its gatekeeping function and determine as a threshold matter whether the pre-Effective Date claims were discharged under the Plan, which is the issue that is squarely before the Court in the Motion to Enforce.

---

[8] This Court lacks jurisdiction over the Post-Effective Date Royalty Claims against the Reorganized Debtors, which do not arise under the bankruptcy code or arise in or relate to a case under the bankruptcy code. 28 U.S.C. § 1334(b). Jurisdiction over the Post-Effective Date Royalty Claims is proper in the District Court under 28 U.S.C. § 1332(d). Rather than bifurcating the Pre-Effective Date Cure Claims and Post-Effective Date Royalty Claims into separate proceedings in separate courts, Kirchner initiated a single proceeding in the District Court, which has jurisdiction over all the claims asserted in the Complaint.

**F.     Statement Regarding Remedies Sought in the Complaint**

13.     Although the Complaint generally requests disgorgement and punitive damages without distinguishing between the pre- and post-Effective Date claims, Kirchner has repeatedly acknowledged in this Court that "[w]ith respect to claims arising before the Effective Date, [Kirchner] seeks to recover only interest owed on late-paid oil and gas royalties from Royalty and Working Interests that were assumed as cure amounts under the Plan" and "is not pursuing any claims or seeking recovery for any liabilities that were enjoined or discharged under the Plan," including punitive damages that may have been available on claims arising before the Effective Date.  ECF 716 at 1; ECF 893 at 2.  Thus, the sole issue for this Court to determine in deciding the Motion to Enforce is whether Kirchner's claims for unpaid interest on late paid royalties are cure claims on Royalty and Working Interests that were assumed under the Plan. For the reasons stated above, Kirchner submits they are.

## II. CONCLUSION & PRAYER

14.     By asserting the pre-Effective Date claims in the Complaint, Kirchner seeks to recover – on a class basis – cure amounts owed to a class of Royalty and Working Interest owners whose prepetition contractual cure claims survived discharge but to whom the Reorganized Debtors have failed to pay all cure amounts as required under the Plan and bankruptcy code.  The posture of this case is the direct result of the assumption and cure process contained in the Plan, which provided that all cure claims arising from the assumption of Royalty and Working Interests would survive discharge and ride through the bankruptcy unimpaired without requiring holders of such claims to assert them in this Court.

15.     As set forth above and in Kirchner's Response, there is no basis in the Plan or applicable law to find that the pre-Effective Date claims asserted in the Complaint were discharged.  To the contrary, Kirchner's class claims for unpaid interest on assumed Royalty and

Working Interests are contractual cure amounts that survived discharge and must be paid under the Plan as a matter of law. 11 U.S.C. § 365(b). Accordingly, Kirchner requests that the Court deny the Motion to Enforce and enter an order advising the District Court that Kirchner's pre-Effective Date claims are cure claims that were not discharged by the Plan.

Dated:  January 19, 2024               Respectfully Submitted

*/s/ Drew Pate*
Bradley E. Beckworth, TX Bar No. 24001710
Jeffrey J. Angelovich, TX Bar No. 00786988
Lisa Baldwin, TX Bar No. 24069334
Drew Pate, TX Bar No. 24079111
Trey Duck, TX Bar No. 24077234
Nathan B. Hall, TX Bar No. 24134100
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335
bbeckworth@nixlaw.com
jangelovich@nixlaw.com
lbaldwin@nixlaw.com
dpate@nixlaw.com
tduck@nixlaw.com
nhall@nixlaw.com

Patrick M. Ryan, OBA No. 7864
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
**RYAN WHALEY COLDIRON**
**JANTZEN PETERS & WEBBER PLLC**
400 N. Walnut Avenue
Oklahoma City, OK 73104
Telephone: 405-239-6040
Facsimile: 405-239-6766
pryan@ryanwhaley.com
jryan@ryanwhaley.com
pjantzen@ryanwhaley.com

Michael Burrage
**WHITTEN BURRAGE**
512 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
mburrage@whittenburragelaw.com

**Page 10**

Patrick J. Neligan, Jr.
Texas State Bar No. 14866000
S.D.T.X. Federal Bar No. 28413
John D. Gaither
Texas State Bar No. 24055516
S.D.T.X. Federal Bar No. 826873
**NELIGAN LLP**
325 N. St. Paul Street, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301
pneligan@neliganlaw.com
jgaither@neliganlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on January 19, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *John D. Gaither*
John D. Gaither
